UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

08 NOV 26 PM 1:09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| GRADY SCOTT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.: |
| ) | |
| CITY OF INDIANAPOLIS, and the ) | **1 : 08-cv- 1602 LJM-TAB** |
| INDIANAPOLIS METROPOLITAN ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

### I. NATURE OF CASE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as the Second Amendment of the United States Constitution.

### II. JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff, Grady Scott, (hereinafter, "Scott"), an adult resident and citizen of Marion County Indiana, is the party aggrieved and the party who has been damaged by the actions of the Defendants complained of herein.

5. Defendant City of Indianapolis has consolidated city and county government.

6. Defendant Indianapolis Metropolitan Police Department (hereinafter "IMPD") is an agency under the direction of the Mayor of the City of Indianapolis.

## IV. FACTS

7. On or about November 30, 2006, Scott received a telephone call on his mobile phone from a neighbor informing him that various police officers were present at Scott's residence located 1126 Winfield Avenue, Indianapolis, Indiana.

8. Between approximately 3:30 p.m. and 4:00 p.m., Scott arrived at his residence to find various squad cars outside of his residence and several police officers inside his residence.

9. Upon Scott's entrance into his residence, IMPD police officers inquired about Scott's identity and instructed him to be seated.

10. Upon Scott's inquiry as to whether police officers had a warrant to enter and search his residence, the officers claimed they did, but refused to show any warrant to Scott and simply informed Scott that "a judge had issued the order."

11. IMPD officers then informed Scott that they were searching for an individual named "Bang."

12. Scott informed the officers that no individual by the name of "Bang" resided in his residence, but that an individual who went by the name of "Bang" did possibly live elsewhere in the neighborhood.

13. IMPD police officers had searched the wrong house due to an incorrect address given by an informant.

14. During the search, IMPD police officers confiscated two firearms belonging to Scott, firearms that Scott legally owned and possessed.

15. IMPD and the City of Indianapolis were contacted about the return of Scott's firearms. Defendants refused to return the firearms unless Scott was fingerprinted and filled out a form.

16. Scott is not required to be fingerprinted to possess guns in his own home nor is he required to have a permit to possess those guns in his own home.

17. That Defendants City of Indianapolis and IMPD maintain a policy against the returns of firearms to individuals who legally possessed them unless those individuals agree to comply with additional requirements, not required by the law for such ownership, including being fingerprinted and filling out a form.

### V. LEGAL CLAIMS

#### COUNT ONE
#### (IMPD's Violation of Constitutional Right of Plaintiff Under Fourth and Fourteenth Amendments)

18. Defendant IMPD seized Scott's property, i.e. his firearms, and deprived him of that property, without providing him with due process of law as required by the 4th Amendment of the of the United States Constitution as applied to states through the 14th Amendment.

#### COUNT TWO
#### (City's Violation of Constitutional Right of Plaintiff Under Fourth and Fourteenth Amendments)

19. Defendant City of Indianapolis deprived Plaintiff of his property, i.e. his firearms, without providing him with due process of law as required by the 4th Amendment of the of the United States Constitution as applied to states through the 14th Amendment.

#### COUNT THREE
#### (Second Amendment Claim)

3

20. The Defendants City of Indianapolis and IMPD's policy requiring that lawful gun owners submit to additional requirements before their guns are returned, violates the Second Amendment of the United States Constitution.

## VI. RELIEF REQUESTED

21. Scott respectfully prays for compensatory damages, punitive damages, attorney fees and other costs of this action as provided by law, and any other proper relief as this Court deems just and necessary.

## VII. JURY TRIAL REQUESTED

22. Scott is requesting a jury trial on his claims.

Respectfully submitted,

ROBERTS & BISHOP

_____
Paul K. Ogden
Attorney # 13737-49
Attorney for Plaintiff