UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

GRADY SCOTT,                                  )
                    Plaintiff,                )
                                              )
        vs.                                   )        1:08-cv-1602-LJM-TAB
                                              )
CITY OF INDIANAPOLIS, INDIANAPOLIS  )
METROPOLITAN POLICE DEPARTMENT, )
and CHIEF OF POLICE MICHAEL T.       )
SPEARS,                                       )
                    Defendants.               )

## ORDER

Pending in this case is Defendants', City of Indianapolis, Indianapolis Metropolitan Police Department ("IMPD"), and Chief of Police Michael T. Spears ("Spears") (collectively, the "Defendants"), Motion to Dismiss (Dkt. No. 22); plaintiff's, Grady Scott ("Plaintiff"), Motion to Amend/Correct Amended Complaint (Dkt. No. 32), Plaintiff's Motion to Stay (Dkt. No. 46), and Plaintiff's Motion to Strike Unverified Facts from Defendants' Reply Brief (Dkt. 41).

In Plaintiff's Amended Complaint, the Complaint now before this Court, Plaintiff seeks a declaratory judgment that a certain gun policy (the "Policy") attributed to the Defendants is unconstitutional under the Indiana and United States Constitutions.  Under the Policy, once a firearm has been confiscated by any member of the IMPD, the gun will not be returned to the owner until said owner has been fingerprinted and has completed a form.  Plaintiff further alleges in his Amended Complaint that his firearms were rendered inoperable by the actions of Defendants and that such an action amounts to a deprivation of his property without due process of law as required by the Fourth Amendment.  Finally,

Plaintiff alleges that the Defendants' gun policy violates the Second Amendment to the United States Constitution and Article 1, Section 32 of the Indiana Constitution.

Plaintiff's Second Amended Complaint asserts a Fifth Amendment claim. This claim is identical to the Fourth Amendment claim asserted in the First Amended Complaint, but it fixes what Plaintiff submits was a clerical error in naming the Fourth Amendment in the prior Complaint. The Plaintiff asserts a due process claim and adds an allegation that the due process violation resulted in a taking of the guns without just compensation. It invokes a separate section of the Indiana Constitution, Article I Section 21. It repeats the Second Amendment claim and the Indiana Constitution claim under Article I, Section 32.

As to Plaintiff's Motion for Leave to Amend, the Motion is necessary both because one amendment has already been filed and because a further amendment is untimely under the Case Management Plan. The April 3, 2009, Case Management Plan set May 27, 2009, as the date by which amendments needed to be filed. The First Amended Complaint was filed on that date. The Motion to File a Second Amended Complaint was filed July 29, 2009, some two months late. Thus, Plaintiff must establish excusable neglect under Federal Rule of Civil Procedure 6, in addition to "good cause" pursuant to Rule 6 and Federal Rule of Civil Procedure 16(b)(4).

Plaintiff offers neither good cause nor excusable neglect as a reason for this court to accept the Second Amended Complaint. Regarding his new Fifth Amendment claims, in an effort to establish excusable neglect or good cause, Plaintiff asserts that he meant to allege a Fifth Amendment claim in the Amended Complaint and that Defendants knew or should have known of Plaintiff's mistake. In spite of this assertion, Plaintiff argues that his Fourth Amendment claim nevertheless has merit. It strikes the Court that Plaintiff's

2

argument for saving the Fourth Amendment claim is evidence that he meant to assert such a claim and added the Fifth Amendment after discovering that it might be the better claim. Such circumstances amount to neither excusable neglect or good cause.

As to his Fifth Amendment takings claims, Plaintiff asserts that the Seventh Circuit in *N.R.A.. of America, Inc. v. City of Chicago*, 567 F.3d 856, 857 (7th Cir. 2009), unexpectedly held that the Second Amendment had not been extended to the States through the Fourteenth Amendment.  Having been deprived of this claim, Plaintiff argues that he should now, despite the expiration of the deadline for amending his claim, be permitted to assert new and different ones.  Such an argument is not persuasive.  Although Plaintiff asserts that he added the Fifth Amendment claims only after he realized his Second Amendment claims had no merit, the Second Amended Complaint still asserts a claim under the Second Amendment.  Similar to Plaintiff's Fourth Amendment claim, it seems more likely that Plaintiff merely discovered other, perhaps better claims than those he asserted in his First Amended Complaint.  As stated above, such circumstances do not constitute excusable neglect or good cause.

Plaintiff finally urges in support of his Motion to Amend that Defendants would not be prejudiced by the granting of this Motion.  Defendants point out that prejudice results when there is a substantial modification of the Complaint. It is this Court's view that not only has the Plaintiff failed to show good cause or excusable neglect, the granting of the Motion would indeed prejudice the Defendants.  The Defendants are entitled to rely upon the case management plan to guide their preparation.  The Plaintiff's proposed addition of three new theories, while the underlying facts remain the same, does prejudice the defendant. Preparations for the defense have been made pursuant to the case management plan. For

these reasons, Plaintiff's Motion to Amend/Correct Amended Complaint (Dkt. No. 32) is **DENIED**.

Turning to the Motion to Dismiss the Amended Complaint, when ruling on this Motion, the Court accepts as true all well-pleaded factual allegations in the Complaint and the reasonable inferences drawn from those allegations, and views them in the light most favorable to Plaintiff.  *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007).  "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief', sufficient to provide the defendant with 'fair notice' of the claim and its basis."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)).

First, the Court notes that the parties agree IMPD is not a party that can be sued.  Therefore, IMPD is dismissed.  As to Plaintiff's Second Amendment claims against the remaining defendants, the Seventh Circuit's recent case of *N.R.A.. of America, Inc.*, 567 F.3d at 857, compels a finding that the Second Amendment cause of action must be dismissed.  The case holds that the Second Amendment has not been applied to the States and this conclusion means Plaintiff cannot bring a Second Amendment case under the facts as alleged.

The remaining federal claim is Plaintiff's Fourth Amendment claim.  Plaintiff alleges that Defendants deprived him of his property without providing due process of law in violation of the Fourth Amendment.   Plaintiff insists that he meant to assert a Fifth Amendment claim, but as pointed out by Defendants, he did not.  The Court has found that his attempt to amend his Complaint a second time was untimely.  The Court will not rewrite

4

the Complaint merely because Plaintiff mistakenly inserted the wrong constitutional provision.

For the above reasons, the Motion to Dismiss the Amended Compliant (Dkt. No. 22) is **GRANTED** as to both remaining Defendants on the Federal claims.  This Court has no jurisdiction to address the State Constitutional claims.  The Court will not exercise any pendant jurisdiction in deference to the principles of comity.  *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615 (7th Cir. 2007).  The courts of the State of Indiana ought to address these issues of first impression in the interpretation of the Constitution of the State of Indiana.  Accordingly, these claims are dismissed.

In addition, the Motion to Strike (Dkt. No. 41)  is **GRANTED** and the facts raised by the Defendants have not impacted the decision of this Court.

Finally, the remaining motion is the Motion to Stay (Dkt. No. 46) based upon the Supreme Court's grant of transfer on *N.R.A. of America v. City of Chicago*, 567 F.3d 856 (7th Cir. 2009).  The Motion is **DENIED**.  This is not a case about a city's broad gun control policies.  This is a case about due process and a possible taking.  The focus of this case is too narrow in scope to leave it open pending a decision of the United States Supreme Court that more than likely will not impact the ultimate resolution of this case.

For all these reasons, the Plaintiff's Amended Complaint is **DISMISSED**.

IT IS SO ORDERED this 14th day of December, 2009.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

5

Distribution to:

Adam  Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
awill@indygov.org