UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRADY SCOTT, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF INDIANAPOLIS, ) | 1:08-cv-1602-LJM-TAB |
| INDIANAPOLIS METROPOLITAN ) | |
| POLICE DEPARTMENT, and ) | |
| CHIEF OF POLICE MICHAEL T. ) | |
| SPEARS ) | |
|     Defendants ) | |

## ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

This matter is before the court on plaintiff's, Grady Scott ("Plaintiff"), Motion for Relief from Judgment (Dkt. No. 76). Plaintiff seeks to set aside, under Fed. R. Civ. P. 60 ("Rule 60"), the Court's December 19, 2009 Order on Defendant's Motion to Dismiss ("the Dismissal") (Dkt. No. 60), which dismissed Plaintiff's First Amended Complaint in favor of defendants, The City of Indianapolis ("the City"), the Indianapolis Metropolitan Police Department ("IMPD"),[1] and Chief of Police Michael T. Spears ("Chief") (collectively "Defendants"). The Court has considered the parties' arguments, and, for the reasons set forth below, Plaintiff's Motion for Relief from Judgment (Dkt. No. 76) is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed suit in this Court seeking relief based on the gun policy of Defendants ("the Policy"), which provides that once a firearm has been confiscated by IMPD, the gun

---

[1] The parties previously agreed to dismiss IMPD as a defendant, and the Dismissal reflected this agreement. Dkt. No. 60 at 4.

will not be returned to the owner until he or she is fingerprinted and completes a form. Dkt. No. 60 at 1.  Plaintiff alleges that, during a police search of his home, IMPD officers seized two firearms legally owned by him and damaged his property.  Dkt. No. 20 at 3.  Plaintiff refused to comply with the Policy, and his firearms were destroyed.  *Id.*  In his Amended Complaint, Plaintiff argued that the policy violated his rights under the Second and Fourth Amendments of the United States Constitution, as well as Article 1, Section 32 of the Indiana Constitution.[2]  *Id.*  Plaintiff sought a declaratory judgment that the Policy was unconstitutional as well as relief under 42 U.S.C. § 1983.  *Id.*

In the Dismissal, this Court concluded that the Seventh Circuit's decision in *N.R.A. of America, Inc. v. City of Chicago*, 567 F.3d 856, 857 (7th Cir. 2009), holding that the Second Amendment had not been incorporated and, therefore, was not applicable to state and local governments, required dismissal of Plaintiff's Second Amendment claim.  *Id.* at 4.  The Court also concluded that Plaintiff's Fourth Amendment claim that he was deprived of property without due process of law should have been pled as a Fifth Amendment claim, and the Court declined to rewrite the Amended Complaint to correct this error.  *Id.* at 4–5.  Lastly, because the federal claims had been dismissed, the Court declined to exercise pendent jurisdiction over the remaining claims under the Indiana Constitution.  *Id.* at 5.  Plaintiff's Complaint was dismissed in its entirety.  *Id.* at 6.

Plaintiff filed a Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59(a), challenging the Dismissal, which was denied on May 18, 2010.  Dkt. No. 72.  Plaintiff

---

[2] Plaintiff sought leave to amend his complaint a second time to add claims under the Fifth Amendment as well as Article 1, Section 23 of the Indiana Constitution.  Dkt. No. 60 at 2.  The Court declined to grant leave as untimely and without cause under Fed. R. Civ. P. 6.  *Id.* at 2–4.  Because Plaintiff's Motion for Relief from Judgment does not assert that this denial was improper, the Court considers Plaintiff's motion in lieu of only the First Amended Complaint.

moved for and was granted an extension of time to file notice of appeal, which set the deadline to file notice as July 19, 2010. Dkt. No. 75.

On June 29, 2010, Plaintiff filed the pending Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Dkt. No. 76. Plaintiff argues that the recent Supreme Court decision in *McDonald v. City of Chicago*, 18 S.Ct. 3020, 3026 (2010) makes the Court's prior decision on his Second Amendment claim clearly erroneous. *Id.* at 2. Therefore, Plaintiff argues, he is entitled to relief from judgment under Rule 60(b)(1). *Id.*

## II. STANDARD

Relief under Rule 60 "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999). Under Rule 60(b), a court may grant relief from judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence . . . ;
(3) fraud . . ., misrepresentation, or misconduct of the opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, "a change in the applicable law after entry of judgment does not, by itself, justify relief under [Rule] 60(b)." *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 336 (7th Cir. 1984). A petitioner seeking relief based on a change in applicable law "bears a substantial burden" of showing "exceptional circumstances." *In re Disclosure of Grand Jury Material*, 821 F.2d 1290, 1293 (7th Cir. 1987).

3

### III.  DISCUSSION

Plaintiff contends that relief is justified under Rule 60(b)(1).  Dkt. No. 76 at 22; Dkt. No. 78 at 1.  Rule 60(b)(1) requires a showing of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Plaintiff contends that "in clear terms" *Peacock v. Bd. of Sch. Comm'rs*, 721 F.2d 210, 214 (7th Cir. 1983), stands for the proposition that intervening changes in controlling law can be remedied through a Rule 60(b)(1) motion.  Dkt. No. 78 at 2.  However, Plaintiff fails to account for the context of the *Peacock* Court's statement that "a [Rule] 60(b)(1) motion filed within the time for an appeal is a proper means for calling the trial court's attention to an intervening controlling appellate decision."  *Peacock*, 721 F.2d at 214.  The *Peacock* Court merely recognized that the D.C. Circuit, as well as the Second and Fifth Circuits, allow claims to be remedied in this manner.  *Id.*  The Seventh Circuit adheres to the rule in *McKnight* that a change in the applicable law, standing alone, does not qualify for Rule 60(b)(1) relief.  *See McKnight*, 726 F.2d at 336; *see also* 35B C.J.S. *Fed. Civ. Proc.* § 1258 ("[W]hen a judgment has been entered in accordance with what the court believes to be the decisional law, and subsequently a decision of a higher court in an unrelated case effects a change in that decisional law, the action of the court entering judgment under the incorrect view of the law does not constitute such a mistake of law as will justify relief from the judgment under Rule 60(b)(1).").

Plaintiff also contends that his claim for relief arises out of the "surprise" prong of Rule 60(b)(1) rather than the "mistake" prong.  Dkt. No. 78 at 2.  However, the surprise prong applies to cases where a party is confronted with a surprise witness or similar unexpected occurrence at trial and is therefore unable to formulate a response to avoid

judgment. In other words, it applies to surprises that occur prior to final judgment. This is not the case here. At the time of the Dismissal, *N.R.A. of America* was the controlling law in this jurisdiction, and its application should not have "surprised" Plaintiff. Although the Court agrees that *McDonald*'s holding is in opposite to the Seventh Circuit holding in *N.R.A. of America*, the *McDonald* decision is not a "surprise" to justify granting relief under Rule 60(b)(1).[3]

---

[3] Defendants argue that this case is more properly analyzed under Rule 60(b)(5) or 60(b)(6). Dkt. No. 77 at 3–7. However, Plaintiff specifically contradicts that contention. Dkt. No. 78 at 1. Because Plaintiff did not allege Rule 60(b)(5) or 60(b)(6) as a ground for relief, the Court will not consider whether Plaintiff would have had a viable claim for relief under either provision.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment (Dkt. No. 76) is **DENIED**.

IT IS SO ORDERED this 7th day of September 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Adam Lenkowsky
Roberts & Bishop
alenkowsky@roberts-bishop.com

Paul K. Ogden
Roberts & Bishop
pogden@roberts-bishop.com

Alexander Phillip Will
Office of Corporation Counsel, City of Indianapolis
awill@indygov.org

Jonathan Lamont Mayes
City of Indianapolis, Corporation Counsel
jmayes@indygov.org